**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

MANDY SEYBOLD and JOHN
SEYBOLD, individually and as next
friends of MINOR SEYBOLD 1 and
MINOR SEYBOLD 2,

    Plaintiffs,

v.               Case No. 6:12-cv-1630-Orl-37GJK

VICTOR HUGO SOSO CLAPIS and
WALT DISNEY PARKS AND RESORTS
U.S., INC.,

    Defendants.

**ORDER**

This cause is before the Court on the following:

1. Defendant's, Walt Disney Parks and Resorts U.S., Inc., Supplemented Motion to Dismiss Counts VII and VIII of Plaintiffs' Complaint (Doc. 25), filed June 26, 2013;

2. Plaintiffs' Response in Opposition to Defendant Walt Disney Parks and Resorts U.S., Inc.'s Motion to Dismiss Counts VII and VIII of Plaintiffs' Complaint (Doc. 27), filed July 10, 2013;

3. Plaintiffs' Motion to Strike Affirmative Defenses of Victor Hugo Soso Clapis to Plaintiffs' Complaint (Doc. 26), filed July 3, 2013; and

4. Defendant Victor Hugo Soso Clapis' Response to Plaintiffs' Motion to Strike Affirmative Defenses (Doc. 28), filed July 13, 2013.

Upon consideration, the Court hereby grants in part and denies in part the motion to dismiss and denies the motion to strike.

**BACKGROUND**

On July 14, 2010, Plaintiffs Mandy Seybold, John Seybold, and their two children were preparing to leave the Disney All-Star Movie Resort. (Doc. 1, ¶¶ 6–8.) John Seybold was in the hotel checking out. (*Id.* ¶ 9.) The Seybold children were in Plaintiffs' car. (*Id.* ¶ 11.) Mandy Seybold was standing behind the car and was reaching through its back window when Defendant Clapis struck her with his car. (*Id.* ¶¶ 9–10.) The Seybold children "were shaken by the impact."[1] (*Id.* ¶ 11.) John Seybold heard his wife scream and went outside. (*Id.* at ¶¶ 19, 21.) Mandy Seybold's leg was pinned between the cars. (*Id.* ¶ 13.) Defendant Clapis put his car into park, leaving her pinned. (*Id.* ¶ 14.) A bystander went over and moved Plaintiffs' car forward, freeing Mandy Seybold's leg. (*Id.* ¶ 18.) John Seybold then caught his wife before she could fall to the ground. (*Id.* ¶ 22.) The incident took place on the property of Defendant Walt Disney Parks and Resorts U.S., Inc. ("Disney"), and no Disney employees intervened to help Mandy Seybold. (*Id.* ¶¶ 12, 17, 24–25.) Mandy Seybold suffered injuries and continues to experience pain in her leg. (*Id.* ¶¶ 31–34, 37–38.)

Plaintiffs brought suit against Defendants Clapis and Disney. (Doc. 1.) Clapis answered and pled a number of affirmative defenses. (Doc. 20.) Disney moved to dismiss Counts VII and VIII of the Complaint, in which the children and John Seybold bring claims for negligent infliction of emotional distress ("NIED"). (Doc. 25.) Plaintiffs moved to strike Clapis's affirmative defenses and opposed Disney's motion to dismiss. (Docs. 26, 27.) Clapis responded to the motion to strike. (Doc. 28.) This cause is now ripe for the Court's adjudication.

---

[1] Construing the facts in the light most favorable to Plaintiffs, the Court understands the children to have been physically shaken.

**STANDARDS**

**1. Motion to Dismiss**

Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The pleader must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "[D]etailed factual allegations" are not required, but mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" are not enough. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations and internal quotation marks omitted). On a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court "accept[s] the allegations in the complaint as true and constru[es] them in the light most favorable to the plaintiff." *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003).

**2. Motion to Strike**

Federal Rule of Civil Procedure 12(f) provides that a court may strike "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." A motion to strike an affirmative defense will "usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." *Story v. Sunshine Foliage World, Inc.*, 120 F. Supp. 2d 1027, 1030 (M.D. Fla. 2000). A court will only strike a defense as insufficient if: (1) it is patently frivolous on its face; or (2) it is clearly invalid as a matter of law. *See Guididas v. Cmty. Nat'l Bank Corp.*, No. 8:11-cv-2545-T-30TBM, 2013 WL 230243, at *1 (M.D. Fla. Jan. 22, 2013) (citation omitted).

**DISCUSSION**

**1. Motion to Dismiss**

The parties disagree over the application of the Florida Supreme Court's most recent articulation of the availability of damages for negligently inflicted emotional distress where the plaintiff sustained an impact but suffered no discernible physical injury flowing from that impact. Disney argues that for Plaintiffs to recover, their emotional distress must either flow from a physical injury that they suffered as a result of an impact or manifest as a physical injury. (Doc. 25.) Plaintiffs argue that as long as they sustained some kind of impact, they are entitled to recover for any subsequent emotional distress regardless of whether they suffered any physical injury. (Doc. 27.)

The Court notes that the evolution of Florida Supreme Court case law on this issue is muddled at best. In *Willis v. Gami Golden Glades, LLC*, the Florida Supreme Court appears to have departed from prior precedent in setting out a dichotomy for recovery:

> In Florida, the prerequisites for recovery for negligent infliction of emotional distress differ depending on whether the plaintiff has or has not suffered a physical impact from an external force. If the plaintiff has suffered an impact, Florida courts permit recovery for emotional distress stemming from the incident during which the impact occurred, and not merely the impact itself. If, however, the plaintiff has not suffered an impact, the complained-of mental distress must be "manifested by physical injury," the plaintiff must be "involved" in the incident by seeing, hearing, or arriving on the scene as the traumatizing event occurs, and the plaintiff must suffer the complained-of mental distress and accompanying physical impairment "within a short time" of the incident.[2]

967 So. 2d 846, 850 (Fla. 2007) (quoting *Eagle-Picher Indus., Inc. v. Cox*, 481 So. 2d

---

[2] Justice Cantero's dissent in *Willis* traces the evolution of this area of the law, showing how up until the majority's opinion in *Willis*, physical injury was always required; a plaintiff either needed to show: (1) emotional distress flowing from a physical injury caused by an impact; or (2) emotional distress that manifests as physical injury. 967 So. 2d 846, 873–75 (Fla. 2007) (Cantero, J., dissenting).

4

517, 526 (Fla. 3d DCA 1985) (internal quotation marks omitted). There are thus two paths to recovery:[3] (1) one experiences a physical impact during the incident and suffers emotional distress stemming from that incident; or (2) one does not experience a physical impact but is involved in the incident and experiences emotional distress so severe that it manifests as physical injury. *See id.* The latter category represents Florida's (now-oxymoronically named) "impact rule,"[4] which requires psychological trauma to manifest as physical injury in the absence of impact. *See id.* Here, Plaintiffs concede that John Seybold and the Seybold children did not "suffer[] a physical injury as a result of emotional trauma." (Doc. 27, p. 8.) Thus, the former category—experiencing an impact from the incident and suffering emotional distress stemming from that incident—applies in this case.

The threshold for what constitutes an impact is low, as any "outside force or substance, no matter how large or small, visible or invisible, and no matter that the effects are not immediately deleterious, [that] touch[es] or enter[s] into the plaintiff's body" qualifies. *Willis*, 967 So. 2d at 850. Here, Plaintiffs allege that the Seybold children "were shaken" inside Plaintiff's car when Defendant Clapis allegedly ran into Mandy Seybold. While the children were not physically touched, under the standard set

---

[3] There are also a few recognized exceptions where the impact rule does not preclude recovery. *See, e.g.*, *Hagan v. Coca-Cola Bottling Co.*, 804 So. 2d 1234, 1237 (Fla. 2001) (recognizing exceptions for torts such as defamation and invasion of privacy); *Tanner v. Hartog*, 696 So. 2d 705, 707–09 (Fla. 1997) (negligent stillbirth); *Kush v. Lloyd*, 616 So. 2d 415, 422–23 (Fla. 1990) (wrongful birth).

[4] The Court notes that what has been called the "impact rule" has changed over time. *Compare Willis*, 967 So. 2d at 850 ("The impact rule is the rule of law followed in Florida applicable to cases in which the plaintiff claims mental or emotional damages but *has not sustained any physical impact or contact* . . . ."), *with Hagan*, 804 So. 2d at 1237 ("[T]he impact rule requires that before a plaintiff may recover damages for emotional distress, she must demonstrate that the emotional stress suffered flowed from injuries sustained in an impact." (citation omitted)).

5

out in *Willis*, they were impacted by an invisible force such that they sufficiently state a claim for NIED. Whether Plaintiffs will be able to marshal sufficient facts showing a causal connection between the accident and the children's alleged emotional distress remains to be tested at the summary judgment stage.

As for John Seybold, even construing the facts in the light most favorable to him, the fact that he caught Mandy Seybold as she fell when a bystander moved Plaintiffs' car to release her is not an "impact" that happened during the incident. John Seybold was not present when Defendant Clapis allegedly hit Mandy Seybold with his car, and the later-occurring events of a third party moving Plaintiffs' car and causing Mandy Seybold to fall, thus leading John Seybold to catch her, do not qualify. While John Seybold made physical contact with Mandy Seybold, this touching was the direct result of a separate incident—the bystander moving the car—not the alleged accident. The chain of events is too attenuated for the Court to say that Defendant Clapis impacted John Seybold. Accordingly, the motion to dismiss is due to be denied as to the Seybold children's claim and granted as to John Seybold's claim. The NIED claim against Disney as to John Seybold (Count VIII) is dismissed with prejudice, as amendment would be futile. *See Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001).

**2. Motion to Strike**

Defendant Clapis asserts twelve affirmative defenses. (Doc. 20, pp. 12–14.) Plaintiffs move to strike all of them. (Doc. 26.) The motion to strike is hereby denied without prejudice at this time pending narrowing of the issues for the pretrial conference. However, some of Clapis's affirmative defenses are clearly inapplicable to the facts of this case and likely will not survive the pretrial conference or a motion for summary judgment. Thus, on or before September 4, 2013, Defendant Clapis is hereby directed

to review his affirmative defenses and voluntarily withdraw those boilerplate defenses that have no application to the facts at hand.

## CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. Defendant's, Walt Disney Parks and Resorts U.S., Inc., Supplemented Motion to Dismiss Counts VII and VIII of Plaintiffs' Complaint (Doc. 25) is **GRANTED IN PART AND DENIED IN PART**. The motion is denied as to the Seybold children's claim and granted as to John Seybold's claim.

2. The negligent infliction of emotional distress claim against Disney as to John Seybold (Count VIII) is **DISMISSED WITH PREJUDICE**.

3. Plaintiffs' Motion to Strike Affirmative Defenses of Victor Hugo Soso Clapis to Plaintiffs' Complaint (Doc. 26) is **DENIED WITHOUT PREJUDICE**.

4. On or before September 4, 2013, Defendant Clapis is **DIRECTED** to review his affirmative defenses and voluntarily withdraw those boilerplate defenses that have no application to the facts at hand.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on August 20, 2013.

ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record