**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

MANDY SEYBOLD and JOHN
SEYBOLD, individually and as next
friends of MINOR SEYBOLD 1 and
MINOR SEYBOLD 2,

        Plaintiffs,

v.                                          Case No. 6:12-cv-1630-Orl-37GJK

VICTOR HUGO SOSO CLAPIS and
WALT DISNEY PARKS AND RESORTS
U.S., INC.,

        Defendants.

**ORDER**

This cause is before the Court on the following:

1. Defendant Victor Hugo Soso Clapis' Motion for Judgment on the Pleadings on Count IV of Plaintiff's Complaint (Doc. 36) filed September 10, 2013; and

2. Plaintiffs Response in Opposition to Defendant's Motion for Judgment on the Pleadings (Doc. 37) filed September 24, 2013.

Upon consideration, the Court will grant the Motion for Judgment on the Pleadings.

**BACKGROUND**

On July 14, 2010, Plaintiffs Mandy Seybold, John Seybold, and their two children were preparing to leave the Disney All-Star Movie Resort. (Doc. 1, ¶¶ 6–8.) John Seybold was in the hotel checking out. (*Id.* ¶ 9.) The Seybold children were in Plaintiffs' car. (*Id.* ¶ 11.) Mandy Seybold was standing behind the car and was reaching through

its back window when Defendant Clapis struck her with his car. (*Id.* ¶¶ 9–10.) The Seybold children "were shaken by the impact." (*Id.* ¶ 11.) John Seybold heard his wife scream and went outside. (*Id.* at ¶¶ 19, 21.) Mandy Seybold's leg was pinned between the cars. (*Id.* ¶ 13.) Defendant Clapis put his car into park, leaving her pinned. (*Id.* ¶ 14.) A bystander went over and moved Plaintiffs' car forward, freeing Mandy Seybold's leg. (*Id.* ¶ 18.) John Seybold then caught his wife before she could fall to the ground. (*Id.* ¶ 22.)

Plaintiffs brought suit against Defendants Clapis and Disney. (Doc. 1.) Clapis answered and pled a number of affirmative defenses. (Doc. 20.) Disney moved to dismiss Counts VII and VIII of the Complaint, in which the children and John Seybold asserted claims for negligent infliction of emotional distress ("NIED"). (Doc. 25.) The Court granted Disney's Motion to Dismiss in part, and dismissed John Seybold's claim against Disney for NIED. (Doc. 33.) Based on the Court's Order dismissing John Seybold's NIED claim against Disney, Clapis filed a motion for judgment on the pleadings concerning the NIED claim asserted against him (Count IV). (Doc. 36.) Plaintiff opposes Clapis' Motion. (Doc. 37.) This cause is now ripe for the Court's adjudication.

## STANDARDS

Rule 12(c) of the Federal Rules of Civil Procedure permits motions for judgment on the pleadings after "the pleadings are closed." "Judgment on the pleadings is proper when no issues of material fact exist, and the moving party is entitled to judgment as a matter of law based on the substance of the pleadings and any judicially noticed facts." *Cunningham v. Dist. Atty's Office for Escambia Cnty.*, 592 F.3d, 1237, 1255 (11th Cir.2010) (internal quotation marks omitted).

## DISCUSSION

In ruling on Disney's Motion to Dismiss, the Court held that John Seybold could not state a NIED claim against Disney under *Willis v. Gami Golden Glades, LLC*, 967 So. 2d 846, 850 (Fla. 2007), because, "even construing the fact in the light most favorable to" John Seybold, "the fact that he caught Mandy Seybold as she fell when a bystander moved Plaintiff's car to release her is not an 'impact' that happened during the incident." (Doc. 33 (finding that alleged "chain of events is too attenuated for the Court to say that Defendant Clapis impacted John Seybold").) Clapis contends that the Court's holding that Seybold did not suffer an "impact" requires dismissal of John Seybold's NIED claim against Clapis. (Doc. 36.) Plaintiffs counter that the "nature of Clapis' negligent conduct . . . is such that the claim against Clapis should survive." (Doc. 37 p. 4.) The Court agrees with Clapis. This Court's prior ruling that John Seybold suffered no impact in the incident is fatal to his claim against Clapis. *Willis*, 967 So. 2d at 850. Accordingly, the Court will enter judgment against John Seybold on his remaining NIED claim against Clapis.

## CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. Defendant Victor Hugo Soso Clapis' Motion for Judgment on the Pleadings on Count IV of Plaintiff's Complaint (Doc. 36) is **GRANTED**.

2. Pursuant to Rule 12(c) and Rule 54(b) of the Federal Rules of Civil Procedure, the Court enters a partial, nonfinal judgment against John Seybold and in favor of Victor Hugo Soso Clapis on Count IV of the Complaint.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on October 23, 2013.

_____
ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record